SCHENERLEIN, PLAINTIFF-APPELLANT, *v.* SCHENERLEIN, DEFENDANT-APPELLEE.

Ohio Appeals, Seventh District, Belmont County.

No. 996. Decided May 23, 1963.

Messrs. *Thomas & Thomas,* for plaintiff-appellant.
Messrs. *Jones & Hawkins,* for defendant-appellee.

FRANCE, J. At the time of grant of a contested divorce decree to plaintiff in 1948 the parties had two daughters, then aged five and four years. The plaintiff wife, being self-supporting, was awarded no alimony as such, but property distribution was made and she was awarded right to live in the jointly owned house, subject to its maintenance. She was also awarded custody of the two daughters subject to visitation rights of defendant. No appeal was taken from the decree and it is only the distribution of a fund created by it which furnishes, fourteen years later, the bone for contention between the parties.

The provision in question is:—

"7. That, until the further order of this court, the defendant pay to the Clerk of this Court the sum of One Hundred Dollars ($100.00) per month for the support of said minor children, which sum shall be paid in substantially equal installments on the day following the receipt of defendant's salary, and that the Clerk of this Court pay to plaintiff as and for support for said minor children the sum of Seventy-five Dollars ($75.00) from each of said monthly installments, and that the remaining Twenty-Five Dollars ($25.00) thereof be retained by the Clerk and deposited by him in a special account for the purpose of creating a fund for the education of said children when ready for college, unless otherwise disbursed by an order of this court. None of said funds shall be withdrawn and disbursed, unless by order of Court."

So far as appears from the record before us, the defendant faithfully made the payments. One of the daughters entered college and some payments were made out of the fund for her educational purposes. She left college to get married; the defendant's payments were thereupon cut in half, subject to the same percentage distribution as between that share going to the mother for support and the college fund. The other daughter

entered college; she too shortly discovered she preferred a wedding to a college degree. It is conceded that neither daughter desires further education, at least of the college variety. There is $3,456.62 in the Clerk's hands; both parties desire it. The trial court awarded it to the defendant. Plaintiff appeals.

Plaintiff's claim is that the payments made became vested in her when due because they were support payments and "did not change their character simply because they were paid by defendant." We believe this misinterprets the order, which unfortunately used the term "for the support" in two different places in two different senses. It fixed the defendant's obligation to pay at $100.00 per month, and disburse, for all ordinary support of the girls, at $75.00 per month. The difference never was periodic support in any sense but immediately became part of a special fund "for the education of the children when ready for college."

The payments retained by the clerk for the college fund were connected with periodic support only in the sense that they were paid by defendant at the same time, and perhaps as part of the same check. Otherwise the effect was the same as if defendant under the decree, or by voluntary separation agreement, was under obligation to pay into a trust fund for the college education. The trust fund so created, however involuntarily, had all the incidents of an express trust, with settlor, trustee, a specific and limited purpose and identifiable beneficiaries. The fund may or may not have been adequate for its intended purpose had both daughters, or even one of them, elected to complete her college work. They did not. Thus for reasons unanticipated and uninfluenced by the settlor the limited purpose of the trust ceased without exhausting the trust estate.

If this were a charitable trust, the doctrine of cy pres might be applied and other college students take or the daughters take for other purposes. It is not. The standard disposition of the unexpended res of a private express trust in such case is by resulting trust to the settlor. This the trial court ordered. There is no error.

The judgment of the Court of Common Pleas is affirmed.

DONAHUE, P. J., and BROWN, J., concur.